Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiffs
DEREK E. MILLER
SYDNEY ALEXIS KRAUSS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK E. MILLER, an Individual; and SYDNEY ALEXIS KRAUSS, an Individual, collectively doing business as "SLEIGH BELLS," <br><br> Plaintiffs, <br><br> vs. <br><br> DEMETRIA LOVATO, an Individual; UMG RECORDINGS, INC., a California Corporation, individually, and doing business as "ISLAND RECORDS"; CARL FALK, an individual; RAMI YACOUB, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br>_____ | Case No.: <br><br> **PLAINTIFFS' COMPLAINT FOR:** <br><br> **COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs, Derek E. Miller and Sydney Alexis Krauss, pray to this honorable Court through their undersigned attorneys for relief as follows:

## INTRODUCTION

Pop performer Demi Lovato's song "Stars" contains material taken from the original Sleigh Bells song "Infinity Guitars." Demi Lovato, and the label and team she worked with to create "Stars," did not obtain authorization from Sleigh Bells to use any part or portion of "Infinity Guitars." Indeed, they failed to even notify Sleigh Bells that they intended to exploit Sleigh Bells material to create a Demi Lovato song. This type of misappropriation constitutes copyright infringement under 17 U.S.C. § 501.

## PARTIES

1. At all times mentioned herein, Plaintiff Derek E. Miller was an individual residing in the state of New York.

2. At all times mentioned herein, Plaintiff Sydney Alexis Krauss was an individual residing in the state of New York.

3. Miller and Krauss do business as, and perform under the name, "Sleigh Bells."

4. At all times mentioned herein, Defendant Demetria Lovato (hereinafter "Lovato") was an individual residing in the state of New York. Demi Lovato developed and sings the infringing song "Stars."

5. At all times mentioned herein, Defendant UMG Recordings, Inc., individually, and doing business as "Island Records" (hereinafter collectively "UMG"), is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2220 Colorado Ave, Santa Monica, California 90404.

6. At all times mentioned herein, Defendant Carl Falk was an individual residing in the United Kingdom.

7. At all times mentioned herein, Defendant Rami Yacoub was an individual residing in Los Angeles, California.

8. Plaintiffs are unaware of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sue defendant(s) under such fictitious names. Plaintiffs are informed and believe and based thereon allege that such fictitiously named defendants are responsible in some manner for the occurrences alleged herein, and that Plaintiffs' damages as herein alleged were proximately caused by the conduct of said defendants. Plaintiffs will seek to amend the complaint when the names and capacities of such fictitiously named defendants are ascertained. As alleged herein, the term "Plaintiffs" shall mean all named plaintiffs, and "Defendants" shall mean all named defendants and all fictitiously named defendants.

9. Plaintiffs are informed and believe and based thereon allege that Defendants, at all times relevant to this action, were the agents, servants, partners, joint venturers and employees of each of the other Defendants and, in doing the acts alleged herein, were acting with the knowledge and consent of each of the other defendants in this action. Alternatively, at all times mentioned herein, each of the defendants conspired with each other to commit the wrongful acts complained of herein. Although not all of the defendants may have committed all of the acts of the conspiracy or were members of the conspiracy at all times during its existence, each defendant knowingly performed one or more acts in direct furtherance of the objectives of the conspiracy. Therefore, each defendant is additionally liable for the acts of his or her or its co-conspirators.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over each and every one of the Defendants. Venue in this Court is proper because one or more Defendants reside and/or carry on business here, and the wrongful acts of Defendants took place, in whole or in part, in this District.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiffs have been creating music since 2008, releasing three albums and licensing their music to various television show episodes, commercials, and films.

12. Plaintiffs released the original musical composition "Infinity Guitars" as part of their debut album, titled "Treats," on May 24, 2010. "Infinity Guitars" is registered with the United States Copyright Office.

13. Plaintiffs are informed and believe and thereon allege that at all relevant times herein, Defendant UMG owned and operated "Island Records," which was involved in the production and release of Defendant Lovato's fifth studio album, titled "Confident." Defendants Falk and Yacoub produced and were materially involved in the making of the song "Stars" from this album.

14. On information and belief it is alleged that "Stars" includes compositional elements taken from Sleigh Bells' song "Infinity Guitars." A comparison of the two songs reveals that, at the very least, the combination of the hand claps and bass drum, structured as 3 quarter beats and a rest, with the bass drum providing a counter-rhythm to the hand claps, is at least substantially similar in both works. This infringing material repeats throughout the Defendants' song.

15. On information and belief, it is alleged that Defendants, and each of them, had access to "Infinity Guitars" through performance of Plaintiffs' work on the radio, online, in performance, and elsewhere.

16. The sonic qualities of portions of "Infinity Guitars" and "Stars" are at least substantially similar. The signal decay and other sonic signatures in each of the songs are comprised of and contain virtually identical content, and analyses of the two songs reveal that they are, at least in part, substantially similar, virtually identical, or identical.

17. The similarities between "Infinity Guitars" and "Stars" transcend the realm of coincidence or shared generic material, and inform the very essence of the works.

18. Certain of the creative decisions made by Plaintiffs in creating "Infinity Guitars" have been copied by Defendants in creating "Stars."

## FIRST CAUSE OF ACTION

**(Direct, Contributory, and/or Vicarious Copyright Infringement by Defendants, and Each)**

19. Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18 above.

20. Plaintiffs own the copyright in the musical composition "Infinity Guitars," which was registered with the United States Copyright Office before the occurrence of the infringement claimed herein.

21. Defendants' unauthorized creation, reproduction, distribution, public performance, and marketing of a song that is an unauthorized derivative work of "Infinity Guitars" infringes Plaintiffs' exclusive rights in their song in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

22. Defendants did not seek or receive permission from Plaintiffs to copy, take, sample, or interpolate any portion of "Infinity Guitars" when creating "Stars." Yet, Defendants exploited a material portion of "Infinity Guitars" in constructing "Stars."

23. Defendants' conduct has at all times been, and continues to be, knowing, willful, and with complete disregard to Plaintiffs' rights.

24. As a proximate cause of Defendants' wrongful conduct, Plaintiffs have been irreparably harmed.

25. The infringing "Stars" song included content that copied from quantitatively and qualitatively distinct, important, and recognizable portions of

"Infinity Guitars," as discussed herein. The inclusion of material elements from "Infinity Guitars" greatly enhances the musical and financial value of "Stars."

26. From the date of creation of "Stars," Defendants, and each, have infringed Plaintiffs' copyright interest in "Infinity Guitars" by, without limitation: (a) authorizing the reproduction, distribution and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing physical or digital or electronic copies of "Stars" through various physical and online sources; (b) performing "Stars" at concerts and other performances; (c) participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of "Infinity Guitars" in and as part of the infringing work "Stars," packaged in a variety of configurations and digital downloads, mixes and versions, and performed in a variety of ways including, but not limited to, audio and video; and (d) assigning or licensing rights in "Stars" to third parties and monetizing the song through partnerships and other agreements.

27. Plaintiffs have received no songwriter credit or copyright ownership interests in and for the exploitation of, or any of the works associated with, "Infinity Guitars," directly or indirectly, from Defendants, or any of them.

28. With knowledge of the infringement, Defendants have induced, caused or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

29. Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

30. The infringement is continuing as the album "Confident," of which "Stars" is a part, continues to be sold and both the album and song "Stars" continues to be licensed for sale, streams, downloads, and other exploitations by Defendants, or their agents.

31. As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered actual damages including lost profits, lost opportunities, and loss of goodwill.

32. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to damages, including the substantial profits of Defendants, to be proven at trial.

33. In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to the maximum statutory damages of $150,000.00 per infringement and/or a preclusion of certain affirmative defenses and positions regarding the calculation of disgorgeable profits.

34. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

35. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in monetary terms. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of "Infinity Guitars" by Defendants, and each of them, including in connection with the infringing song "Stars."

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment against all Defendants, and each of them individually, as follows:

1. A declaration that Defendants have willfully infringed Plaintiffs' copyrighted musical work in violation of the Copyright Act;

2. A declaration that Defendants are directly, vicariously and/or contributorily liable for copyright infringement, as applicable;

3. A permanent injunction requiring Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling,

facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Plaintiffs' rights protected by the Copyright Act;

4. For either statutory damages or the actual damages sustained by Plaintiffs;
5. For special and compensatory damages in an amount according to proof in excess of the jurisdictional limit of this court;
6. For an accounting and the imposition of a constructive trust over any revenues or benefits derived by Defendants, and each of them, in connection with the exploitation of the song at issue;
7. Injunctive relief from any and all present and/or future exploitation;
8. Restitutionary damages;
9. For prejudgment interest;
10. For attorney's fees, where applicable, interest, and costs of suit; and
11. For such other and further relief as to this Court seems just and proper.

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 22, 2016     By:  */s/ Scott Alan Burroughs*
                                Scott Alan Burroughs, Esq.
                                Trevor W. Barrett, Esq.
                                Justin M. Gomes, Esq.
                                DONIGER / BURROUGHS
                                Attorneys for Plaintiffs